HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLARK GARDNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>QUIKRETE COMPANIES, INC., a Delaware Corporation with its principal place of business in Atlanta,<br><br>Defendant. | CASE NO. C11-5839RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant Quikrete's Motion to Dismiss Plaintiff's Complaint Under FRCP 12(c) [Dkt. #17]. The Court has reviewed the materials submitted for and against the motion and on the basis of the materials submitted, the Court **GRANTS** said motion.

Plaintiff is a former production manager who worked at the Quikrete Plant in Tacoma, WA. His father became disabled and was placed in a health care facility. Plaintiff sought medical leave as a caregiver. He requested an accommodation on his own behalf. He was ultimately terminated. He filed his Complaint on September 8, 2011 and Quikrete removed the action to this Court on October 7, 2011.

ORDER - 1

1    Quikrete is engaged in the manufacture of packaged concrete.  Quikrete employs fewer
2 than 50 people in Washington State.  Plaintiff's Complaint sets forth multiple causes of action,
3 including:  (1) discrimination under Washington Law Against Discrimination (WLAD) ; (2)
4 failure to accommodate under WLAD; (3) retaliation under WLAD; (4) violations of Family
5 Medical Leave Act (FMLA); (5) violation of Washington Family Leave Act (WFLA); and (6)
6 violation of Washington Family Care Act (WFCA).

7    Plaintiff failed to plead facts giving rise to a claim for disability discrimination or failure
8 to accommodate under the WLAD because all of his allegations relate to his father's alleged
9 disability.  The WLAD does not provide a right of action for disability discrimination based on a
10 relative's disability.

11    Plaintiff's claims under the Family Medical Leave Act (FMLA) and the Washington
12 Family Leave Act (WFLA) are unsustainable.  The statutes do not apply because Quikrete does
13 not have, nor has it had, a sufficient number of employees to fall within their purview.

14    Washington Family Care Act (WFCA) neither contemplates nor allows for a private right
15 of action.  Finally, plaintiff fails to plead retaliation because his Complaint contains only
16 conclusory allegations and no facts related to an alleged statutorily protected activity.  To state a
17 prima fascie case of retaliation, plaintiff must establish that (1) he engaged in a statutorily
18 protected activity, (2) his employer took adverse action against him, and (3) there is a causal link
19 between the protected activity and adverse employment action.  *Briggs v. Nova Services*, 135
20 Wa. App., 835, 862 (2000).  To show a causal connection, the employee must show that the
21 employer's motivation for the discharge was the employee's exercise or intent to exercise a
22 protected right.  *Wilmot v. Kaiser Aluminum & Chemical Corporation*, 118 Wn.2d 46, 68-69
23 (1991).  Plaintiff fails to plead any oppositional activity or any complaint made by plaintiff to
24

1 Quikrete upon which his retaliation claim might be based.  Plaintiff's retaliation claim is

2 unsupported by factual allegations and fails to meet the pleading standards of Rule 8 of the

3 Federal Rules of Civil Procedure.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

4     Defendant's Motion to Dismiss [Dkt. #17] is **GRANTED**.

5     **IT IS SO ORDERED.**

6     Dated this 3rd day of May, 2012.

*/s/ Ronald B. Leighton*

Ronald B. Leighton
United States District Judge